**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| RICHARD THOMAS HARRIS, )<br>JONATHAN MICHAEL DAVIS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CAPTAIN CURRIE, SGT. )<br>MITCHUM, LT. RILEY; DR. )<br>SPARDING, SGT. SANDERS, )<br>SGT. EDMUND, SHERIFF )<br>DEWITT, COUNTY OF BERKLEY,)<br>)<br>Defendants. )<br>_____) | Civil Action No. 0:05-3154-RBH-BM<br><br>**REPORT AND RECOMMENDATION** |

   This action was filed by two Plaintiffs, both proceeding pro se, pursuant to 42 U.S.C. § 1983. Plaintiffs allege that the named Defendants violated their constitutional rights while they were inmates at the Hill-Finklea Detention Center in Berkeley County, South Carolina.

   Defendants filed a motion to dismiss and/or for summary judgment on January 23, 2007. As the Plaintiffs are proceeding pro se, a Roseboro order was entered by the Court on January 25, 2007, advising Plaintiffs of the importance of a dispositive motion and of the need for them to file an adequate response. Plaintiffs were specifically advised in that order that if they failed to respond adequately, the Defendants' motion may be granted, thereby ending their case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, neither Plaintiff has filed any response to the Defendants' motion, which is now before the Court

1



for disposition.[1]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

In their Complaint, Plaintiffs allege numerous purported constitutional violations during their period of incarceration in the Berkeley County Detention Center, including complaints about lack of adequate recreation; problems with the cleanliness of cells, overcrowding, and other such conditions of confinement; inadequate medical care and food; mistreatment by guards; as well

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



as other general complaints about conditions at the Detention Center.  Defendants assert in their motion that they are entitled to summary judgment because neither Plaintiff responded to Defendants' requests for admissions, that those requests are therefore deemed admitted pursuant to Rule 36, Fed.R.Civ.P., and that there is therefore no genuine issue of fact with respect to any of the constitutional violations alleged by the Plaintiffs.  The undersigned is constrained to agree.

In the requests for admissions submitted by the Defendants, each Plaintiff was asked to admit that the named Defendants were all being sued in their official capacities (and were therefore not liable for any monetary damages sought by the Plaintiffs under § 1983), that each Plaintiff has now been released from the Detention Center (thereby rendering any claims for declaratory and/or injunctive relief moot[2]), that Plaintiffs' claims raise no genuine issue as to any material fact, and even an "admission" that this case should be dismissed with prejudice.  See Defendants' Exhibit B.  Plaintiffs did not respond to these requests, and therefore they are deemed admitted.  Rule 36(a), Fed.R.Civ.P.  Further, Plaintiffs have also failed to respond to the Defendants' motion for summary judgment seeking dismissal of this case on this ground.[3]  Therefore, Defendants

---

[2]See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylors v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir. 1983); Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

[3]Indeed, Plaintiff Davis cannot even been located by either the Court or the Defendants. The Court's Roseboro order, which was mailed to Davis at his address at the Hill-Finklea Detention Center, was returned as undeliverable. Another address for Davis, 150 Sandy Drive in Moncks Corner, South Carolina was used by the Defendants in mailing Davis the motion for summary judgment. That mailing was also returned as undeliverable. See Defendants' Exhibit D. In the Court's proper form order of December 1, 2005 both Plaintiffs were specifically placed on notice
(continued...)

3



are entitled to dismissal.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 14, 2007



---

[3](...continued)
that they were always to keep the Clerk of Court advised in writing of a proper address, and that their case could be dismissed for violating that order.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

